IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                          NO. 3:22-CR-32-2

OMAR VILLACORTA

### ORDER

On March 22, 2022, Omar Villacorta was named in a two-count indictment charging him and Enrique Rivera with conspiracy to distribute methamphetamine (Count One),[1] and possession with intent to distribute fentanyl (Count Two). Doc. #1. On December 19, 2022, in anticipation of trial, the government filed a motion in limine seeking an order that "an August of 2021 telephone call [between Villacorta and a California drug trafficking suspect] that was intercepted pursuant to court authorization in a California RICO investigation" is admissible under Federal Rule of Evidence 404(b). Doc. #62. The government argues that such evidence is "relevant to Villacorta's intent and knowledge, as well as to prove absence of mistake and lack of accident;" and "is not unfairly prejudicial" but rather "is particularly probative, as it undercuts any assertion that Villacorta lacked the intent or knowledge of the large amounts of meth and fentanyl being shipped from California to Mississippi." *Id.* at 4, 5. Further, citing authorities regarding the use and timing of limiting instructions "to counteract the prejudicial effect of 404(b) evidence," the government submits a "proposed limiting instruction." *Id.* at 6. Villacorta did not respond to the motion.

If, as the government anticipates, Villacorta asserts at trial that he "lacked the intent or knowledge of the large amounts of meth and fentanyl being shipped from California to Mississippi," the 404(b) evidence sought to be admitted, as described by the government, is

---

[1] Rivera pled guilty to Count One on January 4, 2023, and is set to be sentenced April 19, 2023. Docs. #72, #74.


relevant to issues other than Villacorta's character. Additionally, its probative value does not appear to be outweighed by undue prejudice, particularly since (1) Villacorta has not made any prejudice argument due to his failure to respond to the motion, and (2) a limiting instruction (like or similar to what the government proposes) specifically advising the jury that the evidence may only be considered for "limited purposes" would alleviate any prejudicial effect. Accordingly, the motion in limine [62] is **GRANTED**.[2]

SO ORDERED, this 9th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] "However, *in limine* rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).